## Cox v. Jones and Jones.

1. A certificate of the register of the land office of the United States, shewing a purchase of land and part payment, and an extension of time given for the balance, is sufficient evidence of a freehold to support a plea in abatement, under the statute of freehold and resi‑ dence in another county.

2. Such certificate, in the absence of proof to the contrary, is to be taken as genuine, and to be what it purports on its face

3. Residence and freehold in another county, may be pleaded in abate‑ ment and proved, notwithstanding it may contradict the sheriff's return.

J. N. S. and A. P. Jones brought an action of cove‑ nant in Madison Circuit Court, against Joshua and Bart‑ ley Cox. The writ was returned by the sheriff of Madi‑ son, with this endorsement: " executed on Joshua Cox, (who resides in the county of Madison) in the county of Limestone, which is adjacent to the county of Madison, on the 22d October, 1825, and a true copy left with said Cox : Bartley Cox not found in my county." The defen‑ dant, Joshua Cox, pleaded in abatement " that at the commencement of this suit, he was a freeholder of, and resident in the county of Limestone, which then was the county of his permanent residence and freehold ; and that it still is the county of his permanent residence ;" which plea he filed on oath. There was thereto, a gene‑ ral replication and issue. The plaintiffs discontinued their action as to Bartley Cox, and at April term, 1826, the issue was tried, and a verdict was found for $3211 03 damages against Joshua Cox.

It is shewn by a bill of exceptions taken at the trial, that the defendant offered to prove by parol, that he was a freeholder in Limestone county at the time the writ issued, and that his permanent residence was then in that county. On the objection of the plaintiffs, the Court rejected said evidence as far as related to proof of the freehold, on the ground that a patent, deed, or other evi‑ dence of a higher nature, should be produced to prove it. The defendant then to prove freehold in him, offered to read to the jury a certain certificate issued by B. S. Pope, register of the United States' land office at Huntsville, dated the 22d September, 1821, certifying " that B. M.

Garner, assignee of P. Taylor, purchased a certain tract of land of the United States, on the 14th February, 1818; that said Garner had availed himself of the benefit of the relief law, passed the 2d March, 1821, and had relinquished a part of said purchase, and retained a portion, upon which retained portion there had been paid $2755 99, being more than one fourth, and less than one half of the purchase money; that there remained due $3141 75, which was to be paid in eight equal annual instalments, the last falling due in 1829; and that when these instalments should all be paid, a patent should issue to said Garner, his heirs, assigns or legal representatives for the land retained." Said certificate was endorsed as follows: "For value received of Joshua Cox, I hereby transfer to him all my right and claim to the within described tract of land. Witness my hand, this 7th January, 1823. *Brice M. Garner.*" Which transfer was duly acknowledged in presence of the register. Said land was situated in Limestone county. The plaintiffs objected to this evidence as not being sufficient to prove a freehold; the objection was sustained and the paper rejected.

The exclusion of the above testimony was here assigned as error.

KELLY, HUTCHINSON and HOPKINS, for the plaintiffs in error.

CLAY and M'CLUNG, for the defendants.

JUDGE CRENSHAW delivered the opinion of the Court.

BY law, the register is required, as a part of his official duty, to issue land certificates; and, therefore, in the absence of proof to the contrary, they are to be considered as genuine, and what they purport to be on their face. The register is a public officer appointed by law, and we are bound to recognize him as such, and all his official acts.

But the question is, does the certificate convey to the purchaser a freehold? By the act of 1811, [a] all persons who have made the first payment for their lands, are declared to be freeholders, for the purpose of serving on juries. By the act of 1812, [b] the register's certificate to land, is declared to vest a full legal title, so far as to maintain any action. If then, for the purpose of serving

*a* Laws Ala. 497.

*b* Laws Ala. 248.

on juries, and of maintaining actions, the register's cer- JANUARY 1828.
tificate constitute a freehold in the one instance, and vests
a legal title in the other, from analogy and parity of rea-                v.
soning, I infer that it is sufficient to support a collateral   Jones and Jones.
issue of *freehold vel non*    To test the certificate by the
rules of the common law, I am not prepared to say it
does not vest a freehold estate.   A freehold is an estate
for life or greater ; the certificate may vest such an es-
tate, good and valid against all the world, except the
United States ; defeasible indeed, on failure to pay the in-
stalments of the purchase money as they become due. It
may be considered an inchoate legal title, vesting the
estate in the purchaser or assignee, until he shall forfeit
the same by not performing his part of the contract.

The act of 1807 [a] provides, that no freeholder shall be  [a] Laws Ala. 157.
sued out of the county of his permanent residence, with
the exceptions therein mentioned ; and this is the law on
which the plea is predicated.    In order to give a fair con-
struction to this act, and to ascertain what the legislature
intended by the expression " freehold," it is also proper
to have a reference to the history of the country, and the
condition of landed property at that period.    And it is
notorious that, at the time of passing the act, the greatest
part of the lands of the country were unsold and unap-
propriated ; and that but a small quantity in proportion,
had been granted or patented, so as to vest an absolute
fee.    Hence, it is no strained construction to infer, that
where the legislature in the act, speaks of a *freehold*, they
mean to embrace such an imperfect legal estate as is
created by a sale, and certificate made and given by the
register, as well as a fee simple created by grant or pa-
tent.   The result of this reasoning is, that from analogy
to other statutes made in *pari materia*, and from a re-
ference to the notorious condition of real property in
1807, when the act passed, as well as from the nature of
the estate created by a land certificate, the bona fide
holder or assignee of the certificate is at least *pro hac vice*,
constituted a freeholder within the spirit of the latter.

But it was contended that the sheriff's return was con-
clusive, and not to be evaded or contradicted by the plea.
This as a general rule is correct, but where the statute
has created or recognized an express right or privilege,
it may be pleaded ; and if supported by sufficient evidence,
shall be available, even against the return of the sheriff.

It is not necessary to express an opinion as to the legality of the sheriff's return. The Court are unanimous in reversing the judgement and remanding the cause. JUDGE WHITE not sitting.